IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEON SMITH, #323413 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. WDQ-06-2394 |
| | * | |
| WARDEN JAMES SMITH | * | |
| CASE MANAGER JARVIS | | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM**

I. *Background*

This 42 U.S.C. § 1983 prisoner civil rights action, dated September 1, 2006, was received for filing on September 14, 2006. Plaintiff prays a jury trial and seeks compensatory and punitive damages for the alleged denial of a safe, healthy, and clean living environment, free from vermin and trash. Plaintiff complains that from August 25 to August 30, 2007, the Jessup Correctional Institution ("JCI") was placed on lock-down and officers allowed food and trash to remain on the floor of the housing unit building for several hours. Paper No. 1. In addition, he claims that he was denied due process when Defendants denied him administrative remedy procedure ("ARP") forms.[1] *Id*.

Currently pending are Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiff's Response thereto. Paper Nos. 21 & 23. A hearing is not needed to resolve the constitutional issues presented in the matter. *See* Local Rule 105.6. (D. Md. 2004). For reasons which follow, the Court shall grant Defendants' Motion, treated as one for summary judgment.

---

[1] Plaintiff was transferred from JCI on March 30, 2007, and is now confined at the Metropolitan Transition Center. Paper No. 20.

II.  *Standard of Review*

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex*, 477 U.S. at 322-323.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

III.    *Analysis*

Defendants claim that Plaintiff has failed to demonstrate that the conditions of his confinement violated the U.S. Constitution.[2]  Plaintiff may set out an Eighth Amendment conditions of confinement claim by alleging he was deprived of a basic human need which was objectively sufficiently serious and that, subjectively, prison officials acted with a sufficiently culpable state of mind in exposing him to those conditions.  *See Strickler v. Waters*, 989 F. 2d 1375, 1379 (4th Cir. 1993).  Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim.  *See Hudson v. McMillian*, 503 U. S. 1, 9 (1992); *Odom v. South Carolina Dep't of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003).  Such deprivations may be demonstrated by

---

[2] Defendants also affirm that they have no recollection of Plaintiff requesting any ARPs and argue that the case is subject to dismissal based upon Plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).  Paper No. 21.  In response, Plaintiff claims that he did make multiple requests for ARPs which were disregarded, thus preventing him from exhausting his remedies through the proper procedures.  Paper No. 23.  Because the case may be dismissed on other grounds, the Court need not decide the case on the exhaustion issue.

producing evidence of a serious or significant physical injury resulting from the challenged conditions, *see Strickler*, 989 F. 2d at 1380-81; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997), or by demonstrating a substantial risk of serious harm resulting from the unwilling exposure to the challenged conditions. *See Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). The key in determining whether prison conditions become cruel and unusual is to examine the effect on the prisoner. *See Rhodes v. Chapman*, 452 U.S. 337, 364 (1981). Plaintiff must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). The length of confinement is one factor to consider in deciding whether the conditions, such as a filthy cell, transgress constitutional standards. *See Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir. 1989) (citing *Hutto v. Finney,* 437 U.S. 678, 687 (1978)). Thus, where conditions are temporary and the inmate suffers no physical harm, a short term deprivation does not rise to the level of a constitutional violation under the Eighth Amendment. *See Harris v. Fleming,* 839 F.2d 1232, 1235-36 (7th Cir. 1988).

Defendants state that JCI inmates are provided cleaning materials twice a week, even during lock-downs, to clean their cells. Paper No. 21 at Ex. 1. They maintain that if additional cleaning supplies are required, an inmate may obtain more supplies by requesting them. *Id*. They further assert that the area outside the cells are maintained by custody staff. *Id*. Defendants contend that there are no medical entries from August of 2006, to December of 2006, to indicate that Plaintiff complained about or suffered any physical problems as a result of the alleged unsanitary conditions of confinement over the course of one week. *Id*., Ex. 3.

Plaintiff claims that he experienced sleep deprivation and mental distress as a result of the unsanitary conditions and the record will reflect that a physician ordered him "sleeping medication." Paper No. 1; Paper No. 23 at 3. He states that every time he saw a med-tech for his complaints, the

nurse would refer him to ask a correctional officer, resulting in the "same exact psychological adverse harm...." Paper No. 23 at 2.  He also claims that he had an infection around his nose and lips that had a lot to do with the unsanitary conditions on the tier and in his cell (filth and insect infestation). *Id*. at 3.

The Complaint focuses on the five-day period from August 25 to August 30, when JCI was allegedly on lock-down.  The medical documents show no record of sick-call requests from Plaintiff in late August, 2006, or in September of 2006.  Multiple sick-call requests were filed on October 2, 2006, but these related to Plaintiff's requests for AIDS testing and for a copy of his dietary slip.  Paper No. 21 at Ex. 3.  Additional sick-call requests were submitted on October 26, 2006, also related to AIDS testing.  *Id*.  Plaintiff points to an infection on his lip and nose, which he claims was attributable to the conditions of his confinement.  The medical record shows that on October 29, 2006, Plaintiff complained of a "slight infection around my nose and upper lips" and "a little [infection] around my eyes, by my eyebrows." *Id*.  He stated that the infection started "long ago" and had happened before.  *Id*.  Plaintiff was evaluated on October 31, 2006, and his skin was found to be "w/o rash" and "w/o xenodermatitis." *Id*.  He was given requested A & D Ointment AAA for a thirty-day period.  *Id*.  No further sick-call requests were made concerning the problem through December of 2006.  Moreover, at no point in time does the record reflect that Plaintiff complained of sleep deprivation and/or emotional distress.

Plaintiff has failed to demonstrate an Eighth Amendment deprivation.  The Court does not doubt that the living conditions as described by Plaintiff may have been uncomfortable and unpleasant.  However, such conditions do not present the type of "extreme" deprivation that rises to the level of a constitutional violation. *See Oliver v. Powell,* 250 F.Supp.2d 593, 604 (E.D. Va. 2002) (holding that a prisoner had failed to state a claim under the Eighth Amendment where he

4

alleged that his cell contained roaches, a leaky toilet, peeling paint, and writing on the wall). Ultimately, Plaintiff's Complaint fails because he cannot show that he suffered a serious or significant physical or emotional injury as a result of the alleged conditions that may have existed on the tier and in his cell over a brief period of time. Even assuming that Plaintiff suffered from a documented skin irritation, such minor skin conditions do not rise to the level of a "serious or significant" physical injury.[3]  *See Strickler,* 989 F.2d at 1381.

Plaintiff also complains that while JCI was on lock-down he was not provided requested ARP forms. Defendants do not respond to this allegation. Nonetheless, the Court finds that this allegation fails to state a claim under the law in this Circuit. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (U.S. Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state).[4]

IV.   *Conclusion*

For the aforementioned reasons, Defendants' Motion for Summary Judgment is hereby granted. Judgment is entered in favor of Defendants and against Plaintiff. A separate Order follows.

Date: <u>May 18, 2007</u>                              /s/
                                                William D. Quarles, Jr.
                                                United States District Judge

---

[3]   The Court further observes that the Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

[4]   Further, the Court finds that Plaintiff has failed to claim, much less establish, that his alleged inability to obtain ARP forms deprived him of his right of access to the courts.